## MATTER OF LAVOIE

### In Deportation Proceedings

### A-10767234

*Decided by Board July 31, 1968*

(1) Evidence that respondent engaged in repeated homosexual acts 12 to 24 times a year over a period of 11 years preceding his entry into the United States establishes under the clear, convincing and unequivocable standard of *Woodby* v. *Immigration and Naturalization Service*, 385 U.S. 276, that he was a homosexual at entry; accordingly, he is deportable as one who was excludable at entry as a person afflicted with psychopathic personality.

(2) Failure to advise respondent of his right to counsel at the time the preliminary sworn statement was made by him does not render such statement inadmissible in evidence in deportation proceedings since there is no right to counsel during the taking of a statement in the investigative stage.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—afflicted with psychopathic personality.

ON BEHALF OF RESPONDENT:
Norman Leonard, Esquire
1182 Market Street
San Francisco, California 94102
(Brief filed)

ON BEHALF OF SERVICE:
Stephen M. Suffin
Trial Attorney
(Brief filed)

The case comes forward on appeal from the order of the special inquiry officer dated May 20, 1968 ordering that the respondent be deported to Canada on the charge in the order to show cause.

The record relates to a native and citizen of Canada, 44 years old, male, single, who entered the United States for permanent residence on January 26, 1960. The facts of the case relating to the ground of excludability were discussed in prior orders of the special inquiry officer and of this Board concluding with the order of this Board on May 28, 1965 dismissing the appeal from the order of deportation entered by the special inquiry officer on March 11, 1965. Pursuant to an order entered by the court on January 25, 1968 in the case of *Lavoie* v. *Immigration and Naturalization Service* (No. 20, 220) remanding the case

821

for its reconsideration in the light of the standards laid down in *Woodby* v. *Immigration and Naturalization Service*, 385 U.S. 276, and further ordering that the remand be without limitation upon the authority of the Commission [Board] to consider other issues should the Commission [Board] so desire, this Board on March 4, 1968 granted the Service motion for reconsideration and reopening in the light of the order of the Court of Appeals in this case pursuant to its order.

In *Woodby* v. *Immigration and Naturalization Service*, 385 U.S. 276, the Supreme Court held that no deportation order could be entered unless it was found by clear, unequivocal and convincing evidence that the facts alleged as grounds for deportation were true. Counsel submitted a brief in which he sets forth the issues in the case as follows: (1) Does the evidence in the light of the *Woodby* standards support a finding that respondent was afflicted with a psychopathic personality at the time of his entry; and (2) was respondent denied due process of law, or was the statute violated, when incriminatory statements, later used in evidence against him, were obtained from him at a time when he was without counsel and had not been advised that he had a right to counsel.

In a sworn statement to a Service investigator on August 30, 1961 the respondent admitted that he was a homosexual; that is, by his own interpretation, a person whose sexual urges are directed to members of his own sex; that during the years 1946, 1947 and 1948 he had no more than a dozen experiences at most; that after 1948 these experiences occurred approximately once or twice a month except for 1960, when he did not have any homosexual experiences at one period of time for a period of five months; that for the last two years (preceding the sworn statement) he had approximately five or six homosexual experiences. In his sworn statement he stated that he had intercourse with females about two dozen times during the time he was in the Navy (up to 1945) and approximately seven or eight times after he left the Navy; that the last sexual experience with a female occurred approximately three years prior to the making of the statement.

The case of *Boutilier* v. *Immigration and Naturalization Service*, 387 U.S. 118, 18 L.Ed 2nd 661 (1967), is remarkably similar on the facts. In that case the alien had a long-continued but somewhat less active history of homosexual relations prior to his entry into the United States and had also engaged in heterosexual relations on several occasions. The court held that the Congress used the phrase "psychopathic personality" not in the clinical sense, but to effectuate its purpose to exclude from entry all homosexuals and other sex perverts. Participating in a continued course of conduct, consisting of

822

homosexual relations about three or four times a year during a period over six years prior to his entry, constitutes being afflicted with psychopathic personality as certified by United States Public Health Service doctors within the meaning of section 212(a)(4) of the Act. When the alien first presented himself at the border for entrance, he was already afflicted with homosexuality; the pattern was cut, and under it he was not admissible. The court observed that section 212(a)(4) of the Immigration and Nationality Act does not impose the regulations or sanctions on their postentry conduct and that the constitutional requirements relevant to the "void for vagueness" doctrine were inapplicable.

In the instant case, we find that the evidence, that the respondent engaged in repeated homosexual acts 12 to 24 times a year over a period of 11 years which preceded his entry into the United States, clearly, unequivocally and convincingly establishes that he was a homosexual at the time of entry. Evidence as to postentry conduct added nothing to the finding of inadmissibility but was merely corroborative but does not constitute a basis for the finding of inadmissibility or excludability as a person of the class of aliens afflicted with psychopathic personality at the time of entry and excludable as such.

The second issue raised by counsel was that at the time of the interrogation by an agent of the Immigration and Naturalization Service he was without counsel and was not advised of his right to counsel which deprived him of due process and also violated the applicable statute. However, the cases cited by counsel arose in criminal prosecutions. Deportation is a civil proceeding. The statement in question was not obtained by coercion, duress or other improper action on the part of the investigator but was voluntarily made and the respondent has never denied the truth of the statement. When he gave his statement he was not in custody. Failure to advise the respondent of his right to counsel at the time the preliminary sworn statement was made by him does not render such statement inadmissible in evidence in deportation proceedings since there is no right to counsel during the taking of a statement in the investigative stage. *Woodby* v. *Immigration and Naturalization Service*, 385 U.S. 276; *Nason* v. *Immigration and Naturalization Service*, 370 F. 2d 865 (2d Cir. 1967); *Pang* v. *Immigration and Naturalization Service*, 368 F. 2d 637 (3d Cir. 1966); *Ben Huie* v. *Immigration and Naturalization Service*, 349 F. 2d 1014 (9th Cir. 1965); *Matter of Steele*, Int. Dec. No. 1752.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.